UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAMAR DANIELS, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:21-cv-01607-SEB-MJD |
| DENNIS REGAL, | ) ) ) |
| Respondent. | ) |

**Order Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Ra'Mar Daniels' petition for a writ of habeas corpus challenges a prison disciplinary proceeding identified as WVD 01-09-0087. For the reasons explained in this Order, Mr. Daniels' habeas petition must be **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

**B. The Disciplinary Proceeding**

On September 11, 2001, Officer Martindale issued a Report of Conduct ("Conduct Report") charging Mr. Daniels with a violation of Code B-236, Disorderly Conduct. Dkt. 6-1. The Conduct Report states:

> On 9-11-01 at approximately 7:20 pm I (C/O K. Martindale) observed the cell door of KHU-117 moving in and out. It appeared to be struck from within. Yelling and screaming was also coming from within the cell. Offenders Daniels, Ramar #104542 and Ortiz, Gonzalo #102025 resides in cell 117.

*Id.*

Mr. Daniels received a copy of the Conduct Report and the Screening Report on September 14, 2001. Dkts. 6-1, 6-2. He pleaded not guilty to the charge, requested a lay advocate, and asked to call Offender Ortiz as a witness. Dkt. 6-2. Offender Chaplin agreed to serve as a lay advocate for Mr. Daniels, dkt. 6-3, and Offender Ortiz provided this written statement: "Ramar wasn't one who banged on the door. He was asleep until the allowed us out of the cells at 8:00 p.m.," dkt. 6-5.

A disciplinary hearing was held on September 19, 2001. Dkt. 6-5. At the hearing, Mr. Daniels pleaded not guilty to violating Code B-236 and stated he would plead guilty to violating Code C-360. *Id.* Considering the Conduct Report, and Mr. Daniels' statement, the hearing officer found Mr. Daniels guilty of violating Code C-360, Disruptive Conduct. *Id.* The sanctions imposed included a written reprimand, loss of phone privileges for one month, and deprivation of 30 days of earned credit time.[1] *Id.*

---

[1] The hearing officer also imposed a suspended sanction of three months disciplinary segregation. Dkt. 6-5.

Mr. Daniels did not file an appeal to the Facility Head or the Final Reviewing Authority. Dkt. 6-7 at 44. Mr. Daniels filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 almost 20 years after his disciplinary conviction.

### C. Analysis

Mr. Daniels presents three challenges to his disciplinary conviction: (1) insufficient evidence supports the determination of guilt; (2) he was denied a hearing on the disciplinary charge; and (3) he did not receive a lay advocate. Dkt. 1 at 3-4.

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Indiana Department of Correction Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002). The respondent contends that Mr. Daniels failed to exhaust the administrative appeals process and thus is procedurally barred from pursuing relief under § 2254. Dkt. 6 at 9-11. Mr. Daniels has not challenged the respondent's argument or shown any basis for overcoming his procedural default. *See Johnson v. Foster*, 786 F.3d 501, 505 (7th Cir. 2015) (recognizing instances where a court "may excuse a procedural default"). Because the undisputed record reflects that Mr. Daniels did not timely exhaust his available administrative remedies, he is not entitled to relief under § 2254.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. Mr. Daniels is not entitled to the relief he seeks because he did not exhaust his available administrative remedies. Accordingly, his petition for a writ of habeas corpus must be **denied** and this action **dismissed**.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 3/28/2022

*[Signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RAMAR DANIELS
104542
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov

4